## (September 12, 1975)

■　WESTCHESTER NURSING HOME, INC., Appellant, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Respondent. —Appeal by petitioner from an order of the Supreme Court, Westchester County, dated September 4, 1975, which, after a hearing, (1) vacated a prior stay contained in an order to show cause, dated September 2, 1975, of the execution of an order of the respondent Commissioner of Health, also dated September 2, 1975, temporarily suspending for 30 days petitioner's nursing

home operating certificate and containing implementing directives; and (2) adjudicated that the "Commissioner did not act arbitrarily or unreasonably, but in pursuit of his duties." On this court's own motion, (1) petitioner's notice of appeal is deemed amended so as to show that it is also from an order of the Supreme Court, Westchester County, entered September 5, 1975, dismissing petitioner's proceeding under CPLR article 78 and (2) permission is granted for the taking of the within appeal from the said order dated September 4, 1975. However, the appeal from the order entered September 5, 1975 has not been perfected and therefore no disposition thereof is made herein. Order dated September 4, 1975 reversed, without costs, and petitioner's application to stay the Commissioner's above-mentioned order of September 2, 1975 is remitted to Mr. Justice Marbach at Special Term for a further hearing and new determination not inconsistent herewith. In the interim, and pending such determination by Special Term, the stay granted in the order to show cause of September 2, 1975 is reinstated and continued solely insofar as it stays removal of patients and the Commissioner's said order shall not be deemed stayed insofar as it forbids admission of patients. On September 4, 1975, Special Term conducted a hearing on petitioner's application for a stay of the Commissioner's above-mentioned order of temporary suspension. The court allowed the Commissioner to present testimony (that of Senior Nursing Services Consultant Callaghan) and exhibits, but did not permit petitioner to present testimony—it allowed petitioner to submit one exhibit. Petitioner's offer of proof shows that its proposed evidence included the following: (1) The testimony of two or three physicians (regularly in the home) who would testify as to the special nature of the problems of the patients of this home. (The Commissioner's witness had denied on cross-examination that virtually the entire patient population of the home suffers from "senile dementia", but she had conceded that "almost without exception those patients are chronically brain damaged.") The physicians who were precluded from testifying on behalf of petitioner would have also testified that the various "awful"-sounding conditions described in the Commissioner's presentation were the norm when dealing with patients of this kind, that in those physicians' experience no other nursing homes want these patients and that in their experience the restraints of the patients have always been "properly prescribed and properly done." (2) The testimony of an expert who would testify as to the "special circumstances" of this nursing home and that "the reasons why the things that are made to sound terrible here are not only not so terrible in this context, but are excellently handled by these proprietors." (3) Testimony of an expert that the transfer of these patients will drastically foreshorten the lives of most of them. (4) Testimony from frequently-visiting families of patients that the home's state of cleanliness is not as described by the Commissioner's witness and that the cleanliness and patient care have been excellent. (5) Expert medical testimony that the proprietors have a special talent for dealing with this kind of patient. In refusing the testimony proffered by petitioner, Special Term held, *inter alia:* "The issue before the Court is not a determination of fact. It is a question of whether on the record the Commissioner of Health has made apparently an unreasonable and arbitrary determination on the basis of information given

to him by persons within his Department of sufficient training and experience so that upon the surface of the information and reports he could act with some reasonable belief. * * * Upon the basis of the reports within the last month and the prior history of the premises, the Court finds that it cannot upset, as a matter of law, the temporary suspension based upon the finding by the Commissioner of the imminent danger to the health of the patients in the Nursing Home." In our opinion, justice required that petitioner be allowed to present testimony on the issue before Special Term, viz., whether the order of temporary suspension was justifiable by subdivision 2 of section 2806 of the Public Health Law and whether the Commissioner's order was arbitrary. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.