## (October 6, 1982)

◼ In the Matter of BETH RIFKA, INC., Respondent, and FLORA GILES et al., Intervenors-Respondents, v DAVID AXELROD, as Commissioner of the New York State Department of Health, et al., Appellants. — In a proceeding pursuant to CPLR article 78, the appeal (by permission) is from an order of the Supreme Court, Richmond County (Rubin, J.), dated September 15, 1982, which continued the temporary restraining order of said court, dated September 7, 1982, which stayed appellants' closure order dated August 25, 1982, issued pursuant to subdivision 2 of section 2806 of the Public Health Law (insofar as it required the transfer of patients from the petitioner nursing home) until the determination of an administrative adversary hearing. Order reversed, without costs or disbursements, and the matter is remitted to Special Term for an immediate hearing and determination whether the closure order, insofar as it required removal of the patients prior to the determination of the administrative adversary hearing, was justifiable and not arbitrary. In the interim the temporary restraining order is continued. Under the circumstances of this case, an immediate hearing, as above ordered, should have been held (see Public Health Law, § 2806, subds 2, 4; *Westchester Nursing Home v Whalen,* 49 AD2d 741). Damiani, J. P., Bracken, Rubin and Boyers, JJ., concur.